UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICARDO PAULINO,<br><br>Plaintiff,<br><br>-against-<br><br>THE CITY OF NEW YORK, DETECTIVE CHASTITY JAIME, Shield No. 4120, in her individual capacity, DETECTIVE CHRISTOPHER WINTERMUTE, NYPD Warrant Section, in his individual capacity, DETECTIVE SEAN CONWAY, NYPD, in his individual capacity, DETECTIVE JUSTIN HOLLEY, NYPD, in his individual capacity, ASSISTANT DISTRICT ATTORNEY CHRISTINA AWAD, in her individual capacity, JOHN AND JANE DOES 1 through 10,<br><br>Defendants. | 26-CV-517 (LJL)<br><br>ORDER OF SERVICE |

LEWIS J. LIMAN, United States District Judge:

Plaintiff brings this *pro se* action under 42 U.S.C. § 1983, alleging due process violations and malicious prosecution. Plaintiff sues New York City Police Department ("NYPD") detectives Chastity Jaime, Christopher Wintermute, Sean Conway, and Justin Holley; New York County Assistant District Attorney Christina Awad; ten John Doe defendants; and the City of New York. By order dated March 4, 2026, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a

complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

**DISCUSSION**

**A. Electronic Service for NYPD Defendants**

The Court directs the Clerk of Court to electronically notify the New York City Police Department and the New York City Law Department of this order. The Court asks the City of New York, Detective Jaime, Detective Wintermute, Detective Conway, and Detective Holley to waive service of the summons.

**B. Order of Service**

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the assistance of the court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within 90 days from the date a summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Assistant District Attorney Awad through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each defendant. The Clerk of Court is further instructed to issue a summons for Assistant District Attorney Awad and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon each defendant.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**C. Valentin Order**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the NYPD and New York County District Attorney's Office ("NYC DA") to identify employees who were involved in the criminal investigation into and prosecution of Plaintiff. The Court therefore directs the New York City Law Department, which is the attorney for and agent of the City of New York, and the New York State Attorney General, which is the attorney for and agent of the New York County District Attorney, to ascertain the identity of each Doe defendant whom Plaintiff seeks to sue here and the address where the Doe defendant may be served.[2] The New York City Law Department and New York State Attorney

[2] If the Doe defendant is a current or former NYPD employee or official, the New York City Law Department should note in the response to this order that an electronic request for a waiver of service can be made under the e-service agreement for cases involving NYPD defendants, rather than by personal service at an NYPD precinct. If the Doe defendant is not a current or former NYPD employee or official, but otherwise works or worked for the NYPD, the New York City Law Department must provide a residential address where the individual may be served.

Gneeral's Office must provide this information to Plaintiff and the Court within 60 days of the date of this order.

Within 30 days of receiving this information, Plaintiff must file an amended complaint naming the Doe defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order asking Defendants to waive service.

### D. Motion for Permission to Participate in Electronic Case Filing

The Court grants Plaintiff's motion for permission to file documents electronically (ECF 5). The ECF Rules and Instructions are available online at: https://nysd.uscourts.gov/rules/ecf-related-instructions.

Once Plaintiff registers to file documents electronically, he no longer will receive service of documents by postal mail, whether or not he previously consented to accept electronic service. All documents issued by the court, or filed by any other party, will be served on Plaintiff by electronic notice to his designated email address. *See* Fed. R. Civ. P. 5(B)(2)(E). For questions regarding electronic filing, Plaintiff may call the ECF Help Desk at (212) 805-0800.

### E. City Bar Justice Center

The City Bar Justice Center ("CBJC") operates the SDNY Federal Pro Se Legal Assistance Project to assist parties representing themselves with civil cases in this court.[3] Appointments can be scheduled by completing the CBJC's intake form. If you are not able to

[3] The CBJC is a private organization that it not part of the court, and the CBJC's SDNY Federal Pro Se Legal Assistance Project cannot accept filings on behalf of the court.

complete this form, or if you have questions about the form, please call (212) 382-4794. A flyer with details is attached.

**CONCLUSION**

The Court directs the Clerk of Court to electronically notify the New York City Police Department and the New York City Law Department of this order. The Court requests that Defendants Detective Jaime, Detective Wintermute, Detective Conway, and Detective Holley waive service of summons. The Court directs the New York City Law Department to respond to the *Valentin* order as it relates to the New York City Police Department within 60 days of the date of this order.

The Court directs the Clerk of Court to issue a summons for Assistant District Attorney Awad, complete the USM-285 form with the address for Assistant District Attorney Awad, and deliver all documents necessary to effect service to the U.S. Marshals Service, including the first amended complaint (ECF 7).

The Court directs the Clerk of Court to mail a copy of this order and of the amended complaint (ECF 7) to the New York State Attorney General at 28 Liberty Street, New York, New York 10005.

The Court directs the Clerk of Court to terminate the motion at ECF 5.

The Clerk of Court is directed to mail an information package to Plaintiff.

SO ORDERED.

Dated: October 14, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge

## SERVICE ADDRESS FOR EACH DEFENDANT

1. Assistant District Attorney Christina Awad
New York County District Attorney's Office
One Hogan Place
New York, New York 10013